UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1642**

BOWMAN COAL COMPANY, INCORPORATED; AMERICAN BUSINESS & MERCANTILE REASSURANCE COMPANY,

           Petitioners,

       v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; CASBY G. BOWMAN,

           Respondents.

On Petition for Review of an Order of the Benefits Review Board. (11-0438-BLA)

Submitted: August 27, 2013      Decided: September 18, 2013

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mark E. Solomons, Laura Metcoff Klaus, GREENBERG TRAURIG LLP, Washington, D.C., for Petitioners. Joseph E. Wolfe, Ryan C. Gilligan, WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS, Norton, Virginia, for Respondent Casby G. Bowman.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bowman Coal Company ("Employer") petitions for review of the order of the Benefits Review Board ("Board") affirming the Administrative Law Judge's ("ALJ") award of attorneys' fees to Casby Bowman's counsel following the ALJ's grant of benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C.A. §§ 901-945 (West 2007 & Supp. 2013). Employer argues that the ALJ erred in awarding counsel and his legal assistants the requested hourly rates and that quarter-hour billing increments are impermissible, thus rendering the number of hours billed unreasonable.

In light of our recent decision in Eastern Associated Coal Corporation v. Director, Office of Workers' Compensation Programs, ___ F.3d ___, 2013 WL 3929100 (4th Cir. July 31, 2013), in which we rejected each of the arguments Employer now raises, we conclude that the ALJ did not abuse her discretion in awarding fees.[*] See id. at *3; see also Westmoreland Coal Co. v.

---

[*] We depart from Eastern Associated Coal, however, in that we do not modify the hourly rates awarded to the legal assistants. Unlike Eastern Associated Coal, evidence in the record in this case demonstrated that various adjudicatory bodies had previously awarded $50 to $100 per hour to counsel's legal assistants, and the ALJ noted additional fee awards, in which the legal assistants were awarded $75 to $100 per hour. See Eastern Assoc. Coal, 2013 WL 3929100, at *9 n.13 (noting that "[i]t is commonplace for courts in various fee-shifting contexts to take judicial notice of prior judgments and use them
(Continued)

2

Cox, 602 F.3d 276, 282 (4th Cir. 2010); Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." (internal quotation marks and citation omitted)).

Accordingly, although we grant Employer's motion to file a supplemental brief, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

as prima facie evidence of the facts stated in them") (internal alteration and quotation marks omitted).

3